UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18-cv-80548-RLR

PATRICIA KENNEDY, Individually,

      Plaintiff,

v.

PALM BEACH INN, LLC

      Defendant(s).

_____/

### DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Defendant, Palm Beach Inn, LLC ("Defendant"), through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b), moves to dismiss the Complaint for lack of standing, or in the alternative, for a more definite statement, and in support states as follows:

### Factual Background

On or about April 27, 2018, Plaintiff Patricia Kennedy ("Plaintiff") filed this action against Defendant alleging violations of Title III of the Americans with Disabilities Act ("ADA") at the Defendant's alleged online reservation system (the "Website"). [D.E. 1]. Plaintiff does not specify in the Complaint where the online reservation system is located. [D.E. 1, ¶ 9]. Plaintiff alleges in her Complaint that she visited the Website for the purpose of "reviewing and assessing the accessible features at the Property and ascertain [*sic*] whether they meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs." *Id.* at ¶ 10. Further, Plaintiff generally alleges that the Website is in violation of 28 C.F.R. § 36.302(e), but does not specifically allege how the Website fails to comply. *Id.* Accordingly, Plaintiff's Complaint should be dismissed with prejudice because Plaintiff fails to allege an injury-in-fact or

threat of future injury.  Alternatively, Plaintiff should be required to provide a more definite statement as to the violations she encountered or had knowledge of at the time of filing the Complaint and the exact website that she allegedly visited.  This court has recently granted a similar motion in *Patricia Kennedy v. Floridian Hotel, Inc.*, Case No.: 1:18-cv-20839-UU (S.D. Fla. May 15, 2018) (order granting substantially similar motion to dismiss Plaintiff's substantially similar complaint). [D.E. 20].

## Memorandum of Law

### A.  Legal Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted.  *Gjondrekaj v. Napolitano*, 801 F.Supp.2d 1344, 1348-49 (M.D. Fla. 2011).  Moreover, federal pleading requirements mandate that a complaint "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b).  The complaint must also provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (2007); see also *Ashcroft v. Iqbal* , 556 U.S. 662, 678 (2009) (providing that pleading in federal court "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").   Relatedly, to demonstrate standing in ADA cases, a plaintiff must show: (1) an injury-in-fact; (2) a causal connection between the injury-in-fact and the defendant's action; (3) that the injury is redressable; and (4) the actual threat of future injury.  *Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 415 (11th Cir. 2011).

Moreover, Rule 12(b)(1) attacks on subject matter jurisdiction may be facial or factual.  *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). For facial attacks, the Court accepts the complaint's allegations as true. *Stalley ex rel. U.S. v. Orlando*

*Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Factual attacks, in contrast, allow a court "to consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael*, 572 F.3d at 1279. Factual attacks place the burden on the plaintiff to show that jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).  Article III, Section 2 of the United States Constitution limits federal courts' jurisdiction to actual cases and controversies. Standing is a part of this limitation, as a "threshold jurisdictional question" that must be resolved before a court can turn to a claim's merits. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). Courts determine standing at the time of filing. *Id.* at 976 (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003)).

**B.  Plaintiff fails to establish she has standing to bring this lawsuit.**

To establish standing in this case, Plaintiff must prove that (1) she suffered or will imminently suffer an injury-in-fact, (2) a causal connection exists between her injury and Defendant's conduct, (3) that her injury is likely to be redressed by a favorable decision, and (4) that she is reasonably expected to suffer injury in the future.  *Kennedy v. Melbourne Beach, LLC*, No. 616CV1849ORL40DCI, 2017 WL 821815, at *2 (M.D. Fla. Mar. 2, 2017).  Plaintiff's Complaint [D.E. 1] does not adequately allege she has standing to bring this lawsuit against Defendant because she fails to establish an injury-in-fact or threat of future injury.

Plaintiff alleges that prior to the commencement of this lawsuit, she visited the Website for the purpose of reviewing and assessing the accessible features at the Property and to ascertain whether they meet the requirements of 28 C.F.R. § 36.02(e) and her accessibility needs.  [D.E. 1, ¶10].  Plaintiff does not allege that she intended on using the Website to reserve a room at the hotel or for the purpose of considering reserving a room prior to filing this lawsuit.  As a result, Plaintiff cannot claim to be injured by the Website's alleged noncompliance when she had no

intentions on reserving a room or considering reserving a room in the first place.  Accordingly, Plaintiff has failed to allege an injury-in-fact, and thus, the Complaint should be dismissed.  It appears from the Complaint that the purpose behind allegedly visiting the Website was to file a complaint.

Plaintiff also fails to establish a threat of future injury.  She does not specify when she allegedly visited the Website.  [D.E. 1, ¶ 10].  Plaintiff does not even generally allege a history of past patronage to the Website or subject hotel.  Indeed, "a party has standing to seek injunctive relief only if the party alleges…a real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury." *Access for the Disabled, Inc. v. First Resort, Inc.*, No. 8:11-CV-2342-T-30EAJ, 2012 WL 4479005, at *5 (M.D. Fla. Sept. 28, 2012) (finding Plaintiff lacked standing because she lacked "the requisite concrete and specific intent to return" to the property against which she filed an ADA lawsuit).

However, Plaintiff has not established any frequency or intent in using the Website to reserve a hotel room that would lead to a "real and immediate" threat of future injury.  *See Beachside Commercial Properties, LLC.*, 2017 WL 4243584, at *3 ("By only visiting the Property once before filing, Plaintiff has not established that she is a frequent visitor to the Property.").  Moreover, Plaintiff alleges no real or conjectural intent to return to the Website and reserve a room at the subject hotel.  Plaintiff vaguely alleged that she intends to the revisit the Website "in the near future."  [D.E. 1, ¶ 11].  *See Payne v. Gulfstream Goodwill Indus., Inc.*, No. 15-CV-81120, 2015 WL 6123529, at *4 (S.D. Fla. Oct. 19, 2015) (finding plaintiff's statement that she plans to return to the subject property in the future "nothing more than a vague, conclusory allegation of future harm, devoid of factual enhancement); *see also Kennedy v. Melbourne Beach, LLC*, 2017 WL 821815, at *2 ("Plaintiff avers that she visited Plaza 959 on

only one occasion, and she alleged no facts to support her proposition that she will return in the future"); *Hoewischer v. Cedar Bend Club, Inc.*, No. 3:11-CV-1040-J-37TEM, 2013 WL 1155783, at *2 (M.D. Fla. Mar. 14, 2013).  Thus, Plaintiff's Complaint should be dismissed for failure to establish a likelihood of future injury.

**C.  Plaintiff fails to adequately state a cause of cause action.**

In ADA cases, a plaintiff only has standing to seek redress for barriers actually encountered or of which she had knowledge of at the time of filing the complaint, so it is important that those barriers be factually specified in the complaint.  *See First Resort, Inc.*, 2012 WL 4479005, at *6; *Access Now, Inc. v. S. Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1365-1366 (S.D. Fla. 2001); *see also Norkunas*, 44 Fed.Appx. at 415-16.  Plaintiff's Complaint merely alleges that an **unnamed website** is in violation of 28 C.F.R. § 36.302(e), and 42 U.S.C § 12181 *et. seq.* generally, without stating how it is in violation.  Defendant cannot possibly be expected to meet the allegations of unidentified violations in its answer and with affirmative defenses, nor should Defendant be required to engage in discovery to determine what violations gave rise to the Complaint.[1]  Plaintiff is required to set forth the alleged ADA violations and identify the website for which she seeks redress so Defendant can fairly be put on notice of such claims and prepare sufficient responses to them.  As such, Plaintiff should be required to file an amended complaint that addresses these pleading deficiencies and state the alleged ADA violations with more specificity.

---

[1] Permitting Plaintiff to state a claim based upon unknown and unidentified barriers would force Defendants to identify same through discovery, amend its answers accordingly, and waste time and increase the legal fees at issue.  Plaintiff should know what ADA violations she is complaining of at the outset of his case and should be required to provide notice of same under the pleadings requirements of Rule 8 of the Federal Rules of Civil Procedure.

## Conclusion

Because Plaintiff has failed to allege standing to bring this lawsuit, the Complaint should be dismissed with prejudice.  Also, Plaintiff has failed to provide any factual support for the alleged violations at the subject website or properly identify the subject website, and thus, Defendant is not on notice of same and cannot properly evaluate Plaintiff's claims to answer and prepare its defenses.  As a result, Plaintiff should be required to provide a more definite statement of the alleged violation she encountered or had knowledge of at the time of filing the Complaint.

WHEREFORE, Defendant, Palm Beach Inn, LLC respectfully requests the Court enter an order granting this motion, dismissing the Complaint with prejudice, or in the alternative, requiring Plaintiff to provide a more definite statement as to the violations she encountered or had knowledge of at the time of filing the Complaint, identifying the subject website, and granting Defendant such further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:  s/Ashley Williams
Kenneth L. Minerley
Fla. Bar No. 521840
ken@minerleyfein.com
Jennifer M. Murillo
Fla. Bar No. 90740
jennifer@minerleyfein.com

**MINERLEY FEIN, P.A.**
Attorneys for Defendant
1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432

Phone:     561/362-6699
Fax:        561/447-9884
fileclerk@minerleyfein.com
litigation@minerleyfein.com