UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18-cv-80548-RLR

PATRICIA KENNEDY, Individually,

    Plaintiff,
v.

PALM BEACH INN, LLC

    Defendant(s).
_____/

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Defendant, Palm Beach Inn, LLC ("Defendant"), through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b), moves to dismiss the Amended Complaint for lack of standing, or in the alternative, for a more definite statement, and in support states as follows:

**Factual Background**

On or about June 15, 2018, Plaintiff Patricia Kennedy ("Plaintiff") filed her Amended Complaint [D.E. 20] against Defendant alleging violations of Title III of the Americans with Disabilities Act ("ADA") at the Defendant's alleged online reservation system (the "Website"). [D.E. 1]. Plaintiff specifies that the website is located at www.palmbeachhistoricinn.com and states that "[t]his term also includes all websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel." [D.E. 20, ¶ 9]. As a result, Plaintiff attempts to incorporate into the Amended Complaint [D.E. 20] and seek redress for alleged unidentified websites owned and/or operated by Defendant that fails to comply with the ADA. Plaintiff does not specify in the Amended Complaint where these other alleged online reservation systems are located, whether any barriers exist at these other alleged websites, or

whether Plaintiff personally visited these other websites and suffered harm. [D.E. 1, ¶ 9]. Accordingly, Plaintiff's Amended Complaint should be dismissed to the extent Plaintiff seeks relief for unidentified websites owned and/or operated by Defendant as Plaintiff does not have standing to complain about barriers she was unaware of at the time of filing the Complaint.

## Memorandum of Law

### A.  Legal Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. *Gjondrekaj v. Napolitano*, 801 F.Supp.2d 1344, 1348-49 (M.D. Fla. 2011). Moreover, federal pleading requirements mandate that a complaint "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b). The complaint must also provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (2007); see also *Ashcroft v. Iqbal* , 556 U.S. 662, 678 (2009) (providing that pleading in federal court "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Relatedly, to demonstrate standing in ADA cases, a plaintiff must show: (1) an injury-in-fact; (2) a causal connection between the injury-in-fact and the defendant's action; (3) that the injury is redressable; and (4) the actual threat of future injury. *Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 415 (11th Cir. 2011).

### B.     Plaintiff seeks redress for unidentified websites, which is improper, and thus fails to state a claim for those websites.

In ADA cases, a plaintiff only has standing to seek redress for barriers actually encountered or of which she had knowledge of at the time of filing the complaint, so it is important that those barriers be factually specified in the complaint. *See First Resort, Inc.*, 2012 WL 4479005, at *6; *Access Now, Inc. v. S. Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1365-

1366 (S.D. Fla. 2001); *see also Norkunas*, 44 Fed.Appx. at 415-16. Plaintiff's Amended Complaint attempts to seek redress for unidentified websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel. [D.E. 20, ¶ 9]. Defendant cannot possibly be expected to meet the allegations for any unidentified websites in its answer and with affirmative defenses, nor should Defendant be required to engage in discovery to determine what websites owned and operated by Defendant gave rise to the Amended Complaint.[1] Plaintiff is required to set forth the alleged ADA violations and identify the website for which she seeks redress so Defendant can fairly be put on notice of such claims and prepare sufficient responses to them. Other courts have granted similar motions to dismiss relating to an ADA plaintiff's redress for unidentified barriers. *See Howard Michael Caplan v. Alfred Joseph Baurley and Kenneth Mathias Baurley, as trustees of the Alfred Jospeh Baurley, Jr. trust agreement*, Case No. 0:17-cv-61590-RNS (S.D. Fla. October 30, 2017), [D.E. 15]; *Helga Braun v. Saigon Tokyo Restaurant et al.*, Case No.: 15-CV-81445 (S.D. Fla. February 17, 2016), [D.E. 32]; *Patricia Kennedy v. Puleio Enterprises, LLC and Melo's Italian Restaurant*, Case No. 6:17-cv-00549-RBD-DCI, D.E. 24. As such, Plaintiff's Amended Complaint [D.E. 20] should be dismissed to the extent Plaintiff seeks redress for unidentified websites owned and operated by Defendant. Alternatively, Plaintiff should be required to provide a more definite statement of the alleged website she encountered or had knowledge of at the time of filing the Complaint.

---

[1] Permitting Plaintiff to state a claim based upon unknown and unidentified websites would force Defendant to identify same through discovery, amend its answers accordingly, and waste time and increase the legal fees at issue. Plaintiff should know what ADA violations she is complaining of at the outset of her case and should be required to provide notice of same under the pleadings requirements of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Palm Beach Inn, LLC respectfully requests the Court enter an order granting this motion, dismissing the portions of the Amended Complaint that seek redress for unidentified websites owned and operated by Defendant, or in the alternative, requiring Plaintiff to provide a more definite statement as to the website(s) she encountered or had knowledge of at the time of filing the Complaint, and granting Defendant such further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/Ashley Williams
Kenneth L. Minerley
Fla. Bar No. 521840
Primary Email:
Ken@minerleyfein.com
Ashley Williams
Fla. Bar No. 0119632
Ashley@minerleyfein.com

**MINERLEY FEIN, P.A.**
Attorneys for Defendant
1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432
Phone:   561/362-6699
Fax:        561/447-9884
fileclerk@minerleyfein.com
litigation@minerleyfein.com